### JONES v. STATE. (No. 10837.)

Court of Criminal Appeals of Texas. April 27, 1927.

1. **Criminal law** &approx;597(1)—**Refusing continuance where expected testimony of absent witness was of doubtful certainty held not error.**

Where defendant, accused of selling intoxicating liquor, moved for continuance on the ground of the absence of a material witness, but it appeared that the testimony expected was of doubtful certainty and materiality, refusing continuance *held* not an abuse of the trial court's discretion.

2. **Criminal law** &approx;917(2)—**Refusing new trial for refusing continuance held no error, where not shown absent witness obtainable and expected testimony was of doubtful materiality.**

Where motion for new trial on ground of refusal to grant a continuance for the absence of an alleged material witness was not accompanied by an affidavit of such absent witness or testimony showing that such witness could ever be obtained, and where it further appeared that his expected testimony was of doubtful certainty and materiality, refusing new trial *held* no error.

3. **Criminal law** &approx;112(1)—**Venue in prosecution for unlawful sale of liquor held properly placed in county of delivery, though payment was made elsewhere; "place of sale."**

The place of sale of intoxicating liquor is the place of delivery, and hence the venue in a prosecution for unlawful sale was upheld where the trial was in the county where the whisky was delivered, although payment was made in another county.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Place.]

Appeal from District Court, Marion County; R. T. Wilkinson, Judge.

Horace Jones was convicted of selling intoxicating liquor, and he appeals. Affirmed.

P. G. Henderson and J. H. Benefield, both of Jefferson, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

[1, 2] There are two bills of exception in the record. One complains of the refusal of an application for continuance. The case was tried on November 22, 1926. The only process shown to have been issued for the absent witness and served was issued on April 24, 1925. An attachment issued in November, 1926, for the witness to Marion county, the county of the trial, was returned on November 22d not executed, for the reason, as stated, that the witness was out of the state. The motion for new trial was heard and overruled on the 7th of December, 1926, or more than two weeks after the date of the trial. No affidavit of the absent witness appears, nor was any other testimony offered, upon the hearing of the motion for new trial, showing that the witness was temporarily out of the state, or that his testimony could ever be obtained. The bill of exceptions is qualified by the statement of the learned trial judge that the witness was out of the state. In addition to this fact, we further observe that the testimony expected of the absent witness was that on the day in question he went to the home of appellant to see him about a horse trade and remained there until about 4 o'clock, and that the three state witnesses by whom the state expected to show that they obtained the whisky at appellant's home the same afternoon did not come to the house while the said absent witness was there. The three witnesses in question testified on the trial that they left Ore City some four or five miles from appellant's home about 3:30 or 4 o'clock and went to appellant's home and there got three pints of whisky. None of the witnesses testified to having accurate knowledge as to the time, nor did any of them claim to have looked at a watch or clock, and in such case we would not deem the action of the learned trial judge, in holding the absent testimony not of that degree of certainty or materiality as would call for the granting of the continuance, an abuse of the discretion confided in the trial judge. If the absent witness had been at the appellant's house on the day in question, from about 11 o'clock in the morning until about 4 o'clock in the afternoon, a statement of this fact in these terms would

hardly amount to a refutation of the testimony of the three other men, who said they left Ore City about 3:30 or 4 o'clock and drove to appellant's house and got the whisky in question. We do not think any error appears in the overruling of the application for continuance, or in the refusal of the motion for new trial based thereon.

[3] The facts testified to by the state witnesses show that appellant made a trade with one Cornett to sell him some whisky; the parties meeting at Ore City in Upshur county where the money was paid. Appellant lived in Marion county about five miles from Ore City. After paying the money, the prosecuting witness drove to appellant's home, where he got the whisky. Appellant sought to have the court instruct the jury that these facts did not make out a sale of whisky in Marion county. Under section 1246 of his Annotated Penal Code, Mr. Branch cites many authorities holding that the place of sale of intoxicating liquor is ordinarily the place of delivery. We think those authorities govern in this case, and that the sale of the liquor was made in Marion county.

Finding no error in the record, the judgment will be affirmed.